UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEO GREGORKA and EVE GREGORKA,

                                Plaintiffs,

v.                                                                                    6:13-CV-1408

                                                                                                        (GTS/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

LEO GREGORKA and EVE GREGORKA
*Plaintiffs pro se*
108 Church Street
Little Falls, NY 13365


HON. RICHARD S. HARTUNIAN
United States Attorney for the
 Northern District of New York
*Counsel for Defendant*
Room 218
James T. Foley U.S. Courthouse
Albany, New York 12207

OFFICE OF GENERAL COUNSEL                      EMILY M. FISHMAN, ESQ.
Social Security Administration
26 Federal Plaza, Room 3904
New York, New York 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the

Honorable Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and

Northern District of New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Oral argument was not heard. For the reasons discussed below, it is recommended that the Court affirm the Commissioner's finding that Plaintiffs are not entitled to supplemental security income ("SSI") benefits but remand the disability insurance benefits ("DIB") claim to the Commissioner for further proceedings.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 9, 2011, Thomas Leo Gregorka ("Mr. Gregorka") submitted applications for SSI and DIB. (Dkt. No. 15-2 at 21.) The applications were denied on December 13, 2011. *Id.* On January 19, 2012, Mr. Gregorka filed a request for a hearing before an Administrative Law Judge ("ALJ"). *Id.* Mr. Gregorka died on April 1, 2012. *Id.* Mr. Gregorka was fifty-eight years old when he died. *Id.* at 30.

Plaintiffs Leo and Eve Gregorka, the parents of Mr. Gregorka, filed a substitution of party to proceed with the hearing requested by their son. (Dkt. No. 15-2 at 21.) They did not, however, wish to appear at the hearing in person. *Id.* Thus, the ALJ based his decision on the record alone. *Id.*

On June 19, 2012, the ALJ issued a decision finding that Mr. Gregorka was not disabled. (Dkt. No. 15-2 at 21-31.) Plaintiffs filed a request for review by the Appeals Council (Dkt. No. 15-2 at 16) and submitted additional evidence (Dkt. No. 15-2 at 5). On September 5, 2013, the Appeals Council issued separate decisions on Mr. Gregorka's SSI claim and his DIB claim. (Dkt. No. 15-2 at 1-4, 8.) The Appeals Council dismissed the request for review of the SSI claim, finding that Plaintiffs were not proper parties pursuant to Social Security regulations.

(Dkt. No. 15-2 at 8.) The Appeals Council denied the request for review of the DIB claim, finding that there was no basis for changing the ALJ's decision. (Dkt. No. 15-2 at 2, 3.)

Plaintiffs commenced this action on November 12, 2013. (Dkt. No. 1.)

## II. APPLICABLE LAW

### A. Standard for Benefits

To be considered disabled, a claimant seeking disability insurance benefits or SSI disability benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2006). In addition, the claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§ 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity"

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014.) "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove that the claimant is capable of working. *Id.*

**B.     Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2012); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to

determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010);[1] *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## III.  THE ALJ'S DECISION

Here, the ALJ found at step one that Mr. Gregorka was not engaged in any substantial gainful activity from September 27, 2008, to April 1, 2012. (Dkt. No. 15-2 at 23.) At step two,

---

[1] On Lexis, this published opinion is separated into two documents. The first is titled *Roat v. Barnhart*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the district judge's short decision adopting the magistrate judge's report and recommendation. The second is titled *Roat v. Comm'r of Soc. Sec.*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the magistrate judge's report and recommendation. Westlaw includes both the district court judge's decision and the magistrate judge's report and recommendation in one document, titled *Ross v. Barnhart*, 717 F. Supp. 2d 241 (N.D.N.Y. 2010). The Court has used the title listed by Westlaw.

the ALJ found that Mr. Gregorka suffered from the severe conditions of hypertensive and arthroscopic cardiovascular disease, chronic obstructive pulmonary disease, degenerative disc disease of the cervical and lumbar spine, and physical residuals from chronic alcohol abuse, including seizures, near syncope, and tremor. *Id.* at 23-24. The ALJ found that Mr. Gregorka did not have any severe mental impairment, granting "great weight" to the medical opinion of a non-examining agency medical consultant and "little weight" to the opinion of consultative psychologist Dennis Noia, Ph.D. *Id.* at 25. At step three, the ALJ found that none of Mr. Gregorka's impairments met or medically equaled a listed impairment. *Id.* at 25-26. At step four, the ALJ found that Mr. Gregorka had the RFC to perform medium work, except that he needed to avoid climbing ladders or scaffolds and should avoid working at heights or around dangerous machinery. *Id.* at 26. Based on that RFC, the ALJ found that Mr. Gregorka was not able to perform any past relevant work. *Id.* at 29. At step five, however, the ALJ found that Mr. Gregorka could perform jobs that exist in significant numbers in the national economy. *Id.* at 30. Accordingly, the ALJ found that Mr. Gregorka was not disabled. *Id.* at 30-31.

### IV. PLAINTIFFS' FAILURE TO FILE A BRIEF

This Court's General Order 18 sets forth the briefing schedule in Social Security cases. After Plaintiffs failed to comply with General Order 18, the undersigned issued an order of June 9, 2014, which directed Plaintiffs to file their brief within forty-five days after service of Defendant's brief. (Dkt. No. 17.) Despite this, Plaintiffs filed neither papers opposing Defendant's motion nor a request to enlarge the time within which to oppose Defendant's motion.

In the usual civil case, a plaintiff's failure to comply with court orders would subject the

complaint to dismissal under Federal Rule of Civil Procedure 41(b). In addition, other Districts in the Second Circuit have held that where a Social Security plaintiff files a complaint but fails to file a brief on the merits, the complaint is conclusory and insufficient to defeat a motion for judgment on the pleadings. *Winegard v. Barnhart,* No. 02-CV-6231 CJS, 2006 U.S. Dist. LEXIS 31973, at *27-28, 2006 WL 1455479, at *9-10 (W.D.N.Y. Apr. 5, 2006); *Feliciano v. Barnhart*, Civ. No. 04-9554 KMW AJP, 2005 U.S. Dist. LEXIS 14578, at *34-36, 2005 WL 1693835, at *10 (S.D.N.Y. July 21, 2005); *Reyes v. Barnhart*, Civ. No. 01-4059 LTS JCF, 2004 U.S. Dist. LEXIS 3689, at *6-7, 2004 WL 439495, at *3 (S.D.N.Y. Mar. 9, 2004).

In this District, however, General Order No. 18 mandates a different course in Social Security cases. General Order 18 cautions plaintiffs that "Plaintiff's brief is the only opportunity for Plaintiff to set forth the errors Plaintiff contends were made by the Commissioner of Social Security that entitle Plaintiff to relief. The failure to file a brief as required by this Order will result in the consideration of this appeal without the benefit of Plaintiff's arguments and may result in a decision heavily influenced by the Commissioner's version of the facts and subsequent dismissal of your appeal." (General Order No. 18 at 4.) General Order 18 thus states that the Court will "consider" the case notwithstanding a plaintiff's failure to file a brief, albeit in a way that might be "heavily influenced by the Commissioner's version of the facts." *Id.* In a case such as this, where the plaintiff is proceeding pro se, General Order No. 18's promise of a consideration of the merits complies with the special solicitude that the Second Circuit mandates for pro se litigants. Accordingly, the Court has, despite Plaintiffs' failure to file a brief, examined the record to determine whether the ALJ applied the correct legal standards and reached a decision based on substantial evidence.

## V. DISCUSSION

### A. SSI Claim

The ALJ denied Mr. Gregorka's claim for both SSI and DIB on the merits. (Dkt. No. 15-2 at 21-31.) The Appeals Council dismissed Plaintiffs' request for review of the ALJ's decision regarding SSI on the grounds that Plaintiffs were not eligible survivors for underpayment of SSI under the agency's regulations. *Id.* at 8. In their complaint, Plaintiffs explicitly challenge the denial of "Title II benefits (Social Security Disability)." (Dkt. No. 1 at 1.) The complaint does not explicitly challenge the denial of SSI benefits under Title XVI. Defendant argues that to the extent that the complaint can be construed as asserting an SSI claim, that claim is moot and was properly dismissed by the Appeals Council. (Dkt. No. 18 at 8-10.) Defendant is correct.

Agency regulations drastically limit the categories of individuals who can recover benefit underpayments on behalf of a deceased individual. 20 C.F.R. § 416.542(b)(4). Surviving parents can recover only if the deceased underpaid recipient was a disabled or blind child when the underpayment occurred. 20 C.F.R. § 416.542(b)(2)-(3). A "child" is an individual under the age of eighteen or an unmarried individual under the age of twenty-two who is attending school . 20 C.F.R. § 416.1856. Here, Mr. Gregorka was fifty-seven years old when he applied for SSI. (Dkt. No. 15-2 at 21, 30.) Accordingly, Plaintiffs are not the surviving parents of a disabled child pursuant to agency regulations. Therefore, it is recommended that the Court affirm the Commissioner's finding that Plaintiffs are not entitled to recover SSI benefits.

### B. DIB Claim

Defendant concedes that remand is appropriate regarding Plaintiffs' DIB claim. (Dkt. No. 18 at 10-14.) Specifically, remand is appropriate because it is not clear from the Appeals

Council's decision whether it considered four medical assessments by Mr. Gregorka's treating physician that were submitted as new evidence. (Dkt. No. 15-2 at 5; Dkt. No. 15-9 at 59-66.) Those assessments related to the period on or before the ALJ's decision and contradicted the ALJ's RFC finding. (Dkt. No. 15-9 at 59-66.) The Appeals Council was thus required to consider it. 20 C.F.R. § 404.970(b). Accordingly, it is recommended that the Court remand this matter to the Commissioner for further proceedings regarding Plaintiff's DIB claim.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[2] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 87 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 28, 2015
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).